# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JVAR VONTOU POPE, #169719**                                                        **PLAINTIFF**

v.                                                                             **CIVIL NO. 1:16-cv-384-HSO-JCG**

**CITY OF BAY ST. LOUIS, MISSISSIPPI, ET AL.**               **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro se Plaintiff Jvar Vontou Pope initiated this action on October 24, 2016, while he was incarcerated in the Harrison County Adult Detention Center, Gulfport, Mississippi. On April 13, 2017, United States Magistrate Judge John C. Gargiulo entered an Order [12] requiring Plaintiff to file a response, on or before May 5, 2017, providing specific information regarding his claims. The Order [12] warned Plaintiff that his failure to timely comply with the requirements of the Order or advise the Court of a change of address may lead to the dismissal of the Complaint. Order [12] at 2. Plaintiff did not comply with the Order or otherwise contact the Court.

On May 23, 2017, the Magistrate Judge entered an Order to Show Cause [13] requiring that on or before June 14, 2017, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply

with the Court's prior Order [12]; and (2) comply with the Court's prior Order [12], by filing the required response. Order [13] at 1-2. Plaintiff was cautioned that failure to timely comply with this Order [13] or his failure to keep the Court informed of his current address may result in the dismissal of this case. *Id.* at 3. Plaintiff did not respond to this Order [13].

Since Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On June 28, 2017, the Magistrate Judge entered a Second and Final Order to Show Cause [14]. The Order [14] required that on or before July 19, 2017, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders [12, 13]; and (2) comply with the Court's previous Orders [12, 13] by filing the required responses. Order [14] at 1-2. Plaintiff was again warned that his "failure to timely comply with the Order of the Court or failure to advise the Court of a change of address will be deemed as a purposeful delay and contumacious act by Plaintiff and ***will result*** in this cause being dismissed without prejudice and ***without*** further notice to Plaintiff." *Id.* at 3. Plaintiff did not respond to this Order [14] or otherwise contact the Court about this case.

## II. DISCUSSION

The Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S.

626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with three Court Orders after being warned several times that failing to do so might result in the dismissal of his lawsuit. Order [3] at 2; Order [5] at 2; Order [6] at 4; Order [10] at 1; Order [12] at 2; Order [13] at 3; Order [14] at 3. Plaintiff has not contacted the Court since December 22, 2016. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders

and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED** this the 10th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE